# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0580-17T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

G.E.

     Defendant-Appellant,

and

J.S.,[1]

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF L.A.
and A.E.,

     Minors.

_____

---

[1] The whereabouts of J.S., the father of the younger child is unknown. The identity of the older child's father is also unknown.

Submitted March 6, 2019 – Decided March 27, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FG-18-0115-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth A. Harrigan, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Tara B. LeFurge, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (David B. Valentin, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant G.E. appeals from a September 15, 2017 Family Part order terminating her parental rights to her sons L.A., born in 2005, and A.E., born in 2008. We affirm, substantially for the reasons stated by Judge Anthony F. Picheca, Jr. in his sixty-nine-page written opinion issued with the order.

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. The Division of Child Protection and Permanency (Division) first removed the children in 2012 based on their mother's substantiated neglect. Reunification was achieved sixteen months later, after defendant had engaged

in rehabilitative services, including substance abuse treatment offered by the Division. She regularly visited her children. The children were removed again in April 2015 when they were living in a hotel room where defendant and her partner both engaged in drunken violent behavior in the presence of the children requiring police intervention. She had also failed to fill the prescriptions for medications required by her special needs son, A.E.

Defendant has a long-standing problem with drug and alcohol abuse. She failed to successfully attend the programs recommended by the Division. She visited the children only sporadically since their 2015 removal, although the Division provided train passes so G.E. could visit with her children. The children's behavioral problems improved when their mother did not visit.

At the time of trial, the children had been in their resource home for over two years and were doing well. Unfortunately, although their resource mother is willing to assist in the children's transition, this is not an adoptive home. The Division intends to find an adoptive home for the two boys together through select home adoption.[2] Although the children loved their mother, they were also bonded to their foster mother and their caseworker. Judge Picheca credited

---

[2] "'[S]elect home adoption' [is] a process that includes looking for an adoptive home in New Jersey and registering the child on the national adoption exchange." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 98 (2008).

A-0580-17T3

expert testimony that the boys were adoptable, their bond with their mother was insecure, and termination of her parental rights would not do more harm than good. One of the Division's experienced experts, Dr. Frank J. Dyer, testified that permanency was the most important need of these children. Even defendant's expert opined that reunification would not be appropriate until defendant maintained sobriety and freedom from drug use. She also required therapy for an extended period of time. Permanency is long overdue for these children. See 42 U.S.C. § 675(5)(C), (E) (mandating efforts to achieve permanency expeditiously); N.J. Div. of Youth & Family Servs. v. A.R.G., 361 N.J. Super. 46, 86 (App. Div. 2003).

In his comprehensive opinion, the trial judge found that the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a). Since the 2004 amendments to the statute, "[t]he emphasis has shifted from protracted efforts for reunification with a birth parent to an expeditious, permanent placement to promote the child's well-being." N.J. Div. of Youth & Family Servs. v. C.S., 367 N.J. Super. 76, 111 (App. Div. 2004).

Our review of the trial judge's decision is limited. We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and we are bound by his factual findings so long as they are supported by

A-0580-17T3

sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable.

Defendant contends that the Division did not properly customize services, failing to diagnose or treat her underlying mental illness, which interfered with her ability to comply with the services provided. These arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0580-17T3